UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
TERRANCE WILLIAMS,

              Plaintiff,
v.                                  Civ. Action No. 19-2636
                                    (EGS)
TURNER SECURITY, INC.,¹

              Defendant.
```

**MEMORANDUM OPINION**

Plaintiff Terrance Williams ("Mr. Williams"), proceeding pro se, brings this lawsuit against Turner Security, Inc. ("Turner Security") alleging: (1) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq.*; (2) violation of 42 U.S.C. § 1981; (3) violations of the "D.C. Compensation Act"; (4) violations of the National Labor Relations Act ("NLRA"); and (5) the D.C. Family Medical Leave Act ("DCFMLA"), D.C. Code § 32-501 et seq. *See* Am. Compl., ECF

---

[1] Defendant states that Plaintiff improperly identifies Turner Services Inc. as the defendant, but because Plaintiff was employed by Turner Security, Inc. (a sister company to Turner Services, Inc.), Turner Security, Inc. is the proper defendant. Accordingly, the Court, sua sponte, **ORDERS** the substitution of the proper defendant, Turner Security, Inc. *See, e.g., Sampson v. D.C. Dept of Corr.*, 20 F. Supp. 3d 282, 285 (2014) (sua sponte ordering substitution of the District of Columbia where plaintiff had named the D.C. Department of Corrections).

1

No. 19 at 3, 8, 9.[2] Pending before the Court is Turner Security's Motion to Dismiss. *See* ECF No. 22-1. Upon consideration of the motion, opposition, the reply, the applicable law, and the entire record, Turner Security's Motion to Dismiss is **GRANTED**.

I.  **Factual Background**

Mr. Williams alleges that he was discriminated against when he was terminated in "retaliation for whistleblowing and challenging questionable business practices." Am. Compl., ECF No. 19 at 3. He alleges that his 2018 performance goals included responsibilities that were not part of his position description. *Id*. at 5. Mr. Williams alleges that between April 25, 2018, and December 2018, he voiced concerns to management about being required to perform duties that were inconsistent with his position description, but he received no response to his concerns and instead was assigned additional extra duties. *Id*. at 6. He alleges that he discussed his concerns with Turner Security's Human Resources Department, leadership, and other concerned employees. *Id*. at 8.

Mr. Williams alleges that from January to March 2019, he was on short term disability, and upon his return to work he "was asked to sign a document stating that Turner Security had

---

[2] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF page number, not the page number of the filed document.

to the ability to revise and change company policy without notifying staff of the changes." *Id*. at 6. He alleges that he was not given enough time to review the updates to the Operation Manual, and that he refused to sign the document. *Id*. Mr. Williams alleges that thereafter, he was terminated "without cause." *Id*. at 7.

Mr. Williams alleges that in March 2019, he attempted to file for unemployment benefits, but that his request was denied because Turner Security stated that he had been terminated due to "gross misconduct." *Id*. at 7. He further alleges that his appeal of the denial was resolved in his favor because Turner Security did not provide evidence of misconduct. *Id*. at 7-8.

Finally, Mr. Turner alleges he filed a claim with the District of Columbia Office of Human Rights. *Id*.

**II.   Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A "*pro se* complaint is

4

entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citation omitted). Even so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### III. Analysis

#### A. Mr. Turner Has Failed to State a Claim for Retaliation[3]

Under Title VII, it is unlawful for an employer to: (1) "discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of [his] race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1); or (2) retaliate against any individual for participating in a protected activity, 42 U.S.C. § 2000e-3(a). To establish a prima facie claim of retaliation, the plaintiff must allege that he engaged in activity protected by Title VII, the employer took adverse action against him, and the employer took that action because of the employee's protected conduct. *Hamilton v. Geithner,* 666 F.3d 1344, 1357 (D.C. Cir. 2012).

---

[3] It is unclear whether Mr. Williams exhausted his administrative remedies with regard to his retaliation claim. However, even assuming that he did exhaust his administrative remedies with regard to this claim, he has failed to state a claim for retaliation.

Mr. Williams alleges that his termination was in retaliation for challenging "questionable business practices." Am. Compl., ECF No. 19 at 3. Those practices are that: (1) he was required to perform duties that were not part of his job description; and (2) he was required to sign a document regarding his employer's ability to make changes to company policy, but he was not given enough time to review the document. *Id*. at 6. However, complaining about being required to perform duties that are inconsistent with his job activities and not being given enough time to review a document are not protected activities. *See Watson v. D.C. Water & Sewer Authority*, No. CV 16-2033 (CKK), 2018 WL 6000201, at *15 (D.D.C. Nov. 15, 2018), *aff'd*, 777 F. App'x 529 (D.C. Cir. 2019) (noting that "complaining about unfair treatment is not a protected activity") (internal quotation marks omitted).

In his opposition briefing, Mr. Williams states that his "request for equitable leave practices was disregarded." Opp'n ECF No. 24 at 3. However, his Amended Complaint contains no allegations regarding this request. *See generally* Am. Compl., ECF No. 19. Furthermore, Mr. Williams does not respond to Turner Security's argument that he has not alleged facts that would amount to protected activity, *see* Def.'s Motion to Dismiss ("Def.'s Mot."), ECF No. 22-1 at 9-10; focusing instead on the fact that he was terminated, *see* Pl.'s Opp'n, ECF No. 24 at 3.

6

Accordingly, Mr. Williams has conceded this argument. *See Haraway v. D.C.,* No. 14-1273 (RJL), 2015 WL 5138711, at 5 (D.D.C. Aug. 31, 2015), aff'd, No. 15-7095, 2016 WL 232009 (D.C. Cir. Jan. 4, 2016) (summarily affirming dismissal of claims pro se plaintiffs failed to address in response to dispositive motion). For all of these reasons, Mr. Williams's retaliation claim is **DISMISSED**.

### B. Mr. Williams Has Failed to State a Claim Under 42 U.S.C. § 1981

"Under 42 U.S.C. § 1981, [a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Stafford v. George Washington Univ.*, No. 18-CV-2789 (CRC, 2019 WL 2373332, at *18 (D.D.C. June 5, 2019) (internal quotation marks omitted). "'To establish a claim under § 1981, a plaintiff must show that (1) [he is a member] of a racial minority [group]; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.'" *Id.* (quoting *Mitchell v. DCX, Inc.*, 274 F. Supp. 2d 33, 44–45 (D.D.C. 2003) (citation omitted and first alteration added).

7

Mr. William's amended complaint contains no allegations that would establish a claim that Turner Security intended to discriminate against him based on his race, or that he was discriminated against with regard to a contractual relationship. *See generally* Am. Compl., ECF No. 19. Furthermore, his Opposition briefing fails to respond to this argument and so the Court will treat this argument as conceded. *See Haraway,* 2015 WL 5138711, at 5. For these reasons, Mr. Williams's claim under 42 U.S.C. § 1981 is **DISMISSED**.

### C. Mr. Williams Fails to State a claim for Wrongful Termination

Construing his Amended Complaint liberally, it appears that Mr. Williams alleges a cause of action for wrongful termination because he states he was terminated "without cause." Am. Compl., ECF No. 19 at 5. Turner Security argues that this claim fails because Mr. Williams was an at-will employee, and he has not alleged that a contract governed his employment. Def.'s Mot., ECF No. 22-1 at 11. Turner Security attaches an excerpt from the Security Operations Manual ("Manual") to its motion, pointing out that the manual states that "[s]ecurity officers are at-will employees and are not subject to provisions that may be applicable to employees under contract." *Id*. Mr. Williams responds that the Manual provided is from 2016, whereas it is updated annually. Pl.'s Opp'n, ECF No. 24 at 4. Mr. Williams

8

points out that the Manual refers to "progressive" discipline, which was not used when he was terminated. *Id*. He also argues that while the Manual states that progressive discipline may be inappropriate where the violation is severe, he was terminated merely because he asked if he could read the Manual before signing it. *Id*.

The Court may properly consider the excerpt from the Manual as Mr. Williams cites it in his Amended Complaint and apparently intended to attach it as Exhibit A to the Amended Complaint. *See Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2013) (the court may also consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss") (internal quotations omitted). Mr. Williams does not dispute the authenticity of the Manual, although he notes that it is updated annually, pointing to the language regarding progressive discipline. Pl.'s Opp'n, ECF No. 24 at 8.

> In the District of Columbia, all employment is presumed to be terminable at-will "unless a contrary contractual intent is clearly expressed." *Turner v. Fed. Express Corp.*, 539 F. Supp. 2d 404, 410 (D.D.C. 2008). "The presumption of at-will employment is rebutted only where the parties clearly state an intention to place limits on the employer's right to terminate." *Id.* Such clear intent may be reflected in an employer's personnel manual or employment handbook, thereby giving rise to

> an implied contract. *See Clampitt v. Am. Univ.*, 957 A.2d 23, 35 (D.C. 2008). A personnel manual creates an implied employment contract when, as pertinent here, it sets out preconditions that must be met before termination of employment, *Strass v. Kaiser Found. Health Plan*, 744 A.2d 1000, 1013-14 (D.C. 2000), and when the employer publishes or distributes the personnel manual containing those preconditions to all employees, *see Clampitt*, 957 A.2d at 36. Employers may, however, "effectively disclaim any implied contractual obligations arising from such provisions." *Boulton v. Inst. of Int'l Educ.*, 808 A.2d 499, 505 (D.C. 2002). "The legal effect of such a disclaimer is, in the first instance, a question for the court to decide." *Id.*

*Howard v. Fed. Express Corp.*, 280 F. Supp. 3d 26, 30 (D.D.C. 2017).

Here, the Manual states as follows: "This policy is not intended to restrict or interfere with the Company's right to terminate or suspend employment without cause and without notice or in accordance with the terms of written employment contracts, if applicable. Security officers are "at will" employees and are not subject to provisions that may be applicable to employees under contract." Manual, ECF No. 22-2 at 3-4. The Manual will "create[] an implied contract" if "it sets out preconditions that must be met before termination of employment." *Howard*, 280 F. Supp. at 30. The Manual states that "[t]here will be certain instances in which progressive discipline is not appropriate due to the severity of the violation. In those cases, some of the

10

steps described below may be condensed, omitted or bypassed." Manual, ECF No. 22-2 at 4. Because the Manual does not require "preconditions that must be met," it does not create an implied contract. And even if the Manual created an implied contract, Turner Security has effectively disclaimed any contractual obligations arising from the Manual by stating that: (1) security officers are "at will" employees and (2) progressive discipline is not appropriate in all instances. For these reasons, Mr. William's claim for wrongful termination is **DISMISSED**.

### D. Mr. Williams Cannot State a claim Under The National Labor Relations Act

Construing his Amended Complaint liberally, it appears that Mr. Williams alleges a violation of the NLRA. *See* Am. Compl., ECF No. 19 at 8 (alleging that he discussed his concerns with other "concerned employees" and citing 29 U.S.C. § 157). "Section 7 of the [NLRA] preserves employees' rights 'to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in the other concerted activities for the purpose of collective bargaining or other mutual aid or protection.'" *Parks v. Giant of Maryland, LLC*, 295 F. Supp. 3d 5, 10 (D.D.C. 2018) (quoting 29 U.S.C. § 157). "Section 8, in turn, makes it 'an unfair labor practice for an employer ... to

interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7] . . ..'" *Id.* (quoting 29 U.S.C. § 158(a)(1). However, "[t]he Supreme Court has held that '[w]hen an activity is arguably subject to Section 7 or Section 8 of the [National Labor Relations Act], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board.' *Id.* (quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, (1959). Mr. Williams fails to respond to this argument in his Opposition briefing, *see generally* Opp'n, ECF No. 24; and so he has conceded this argument. *See Haraway,* 2015 WL 5138711, at 5. For these reasons, any claim Mr. Williams asserts under the NLRA is preempted and the claim is **DISMISSED**.

### E. Mr. Williams Has Failed to State a Claim Under the "D.C. Compensation Act"

Mr. Williams alleges violations of the "D.C. Compensation Act." Am. Compl., ECF No. 19 at 3. The facts which support this claim are his allegations that in March 2019, he attempted to file for unemployment benefits, that his request was denied because Turner Security stated that he had been terminated due to "gross misconduct," and that his appeal of this denial was resolved in his favor because Turner Security did not provide evidence of misconduct. *Id.* at 7-8. Mr. Williams alleges that "[t]he 'denial' of [his] request for unemployment benefit[s]

12

presented a violation in itself when the appeal was ruled in [his] favor." *Id.* at 9. Turner Security argues that there is no "D.C. Compensation Act" in the District of Columbia Code or Municipal Regulations. *See* Def.'s Mot., ECF No. 22-1 at 13-14.

Unemployment compensation in the District of Columbia is governed by D.C. Code § 51-107. Mr. Williams alleges that his appeal of the denial of benefits was resolved in his favor. He has provided no legal authority, however, for his argument that Turner Security violated D.C. unemployment compensation laws when his claim was initially denied. Furthermore, Mr. Williams fails to respond to Turner Security's argument in his opposition briefing, *see generally* Opp'n, ECF No. 24; and so he has conceded the argument. *See Haraway,* 2015 WL 5138711, at 5. For these reasons, Mr. Williams's claim under the "D.C. Compensation Act" is **DISMISSED**.

### F. Mr. Williams Has Failed To State a claim Under the D.C. Family Medical Leave Act

Construing his Amended Complaint liberally, it appears that Mr. Williams alleges a violation of the D.C. Family Medical Leave Act ("DCFMLA"), D.C. Code § 32-501 et seq. *See* Am. Compl., ECF No. 19 at 9 (alleging that "[w]hen [he] returned to work in March 2018, his position description, additional policies, security operations manuals . . .and  . . daily operations logs were revised."). Turner Security argues that if Mr. Williams is

13

"alleg[ing] that he was not restored to his position, he may [be] attempt[ing] to state a claim for interference under the DCFMLA," but that he has failed to state a prima facie claim because he has only alleged that "he went out on a short term disability leave, and when he returned, his position description was revised." Def.'s Mot., ECF No. 22-1 at 15.

Under the DCFMLA, an employee can assert a retaliation claim. *See Thomas v. D.C.*, 227 F. Supp. 3d 88, 110 (D.D.C. 2016). To state a retaliation claim, Mr. Williams must allege that "(1) he exercised rights afforded by the [DCFMLA], (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the exercise of his rights and the adverse employment action." *Id*. at 99.

Here, Mr. Williams alleges that from January to March 2019, he was on short term disability, and upon his return to work he "was asked to sign a document stating that Turner Security had to the ability to revise and change company policy without notifying staff of the changes." *Id*. at 6. Mr. Williams alleges that he was not given enough time to review the updates to the Operation Manual, and that he refused to sign the document. *Id*. Mr. Williams alleges that "his position description, additional policies, security operations manuals . . .and  . . daily operations logs were revised," *Id*. at 9; and that after he returned to work and refused to sign the document, he was

14

terminated "without cause." *Id*. at 7. While Mr. Turner alleged that "he was on short term disability," he has not alleged that he took leave under the DCFMLA. *See generally* Am. Compl., ECF No. 19. Furthermore, Mr. Williams fails to respond to this argument in his opposition briefing, *see generally* Opp'n, ECF No. 24; and so he has conceded this argument. *See Haraway,* 2015 WL 5138711, at 5. For all of these reasons, Mr. Williams's DCFMLA claim is **DISMISSED**.

## IV. Conclusion

For the reasons stated above, Turner Security's Motion to Dismiss is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            September 29, 2021**